[No. 9,663. In Bank.—October 10, 1884.]

E. J. LeBRETON, Administrator of the Estate of Theodore LeRoy, Deceased, Petitioner, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, et al., Respondents.

| | |
|---|---|
| 66 | 27, |
| 88 | 578 |
| 66 | 27 |
| 100 | 16 |
| 66 | 27 |
| 123 | 697 |
| 66 | 27 |
| 125 | 315 |
| 66 | 27 |
| e144 | 775 |

Constitutional Law—Action for the Settlement of a Trust—Jurisdiction.—The provisions of section 5, article iv, of the Constitution have no application to an action for the settlement of a trust in relation to real and personal property. Such an action is not required to be brought in the county where the real property is situated.

Petition for a writ of prohibition to the Superior Court of the city and county of San Francisco and others.

The facts are stated in the opinion of the court.

*Pillsbury & Blanding,* for Petitioner.

*Crittenden Thornton, F. H. Merzbach,* and *Garber, Thornton & Bishop,* for Respondents.

Morrison, C. J.—The petition of plaintiffs prays for a writ of prohibition against the Superior Court of the city and county of San Francisco, under section 1102 of the Code of Civil Procedure, which declares that such writ " arrests the proceedings of any tribunal, corporation, board, or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person." And the following section (1103) provides that the writ shall issue in all cases " where there is not a plain, speedy, and adequate remedy in the ordinary course of law."

The petition filed in the case is of very great length, but the important facts which it contains may be briefly stated as follows : On the first day of October, 1870, Juana M. Estudillo and others were indebted to Theodore LeRoy, John B. Felton, and others in the sum of nearly $450,000, of which amount there was due John B. Felton the sum of $24,500 ; and to secure the same they, Juana M. Estudillo and others, executed to LeRoy a deed of trust on certain lands therein described, situated in the counties of Alameda, Santa Barbara, and San Luis Obispo, in this State, with power to sell said lands, collect the rents falling due

thereon, pay the taxes, and to exercise various other acts of confidence and trust respecting said lands, not only for his own benefit, but for the joint benefit of himself and the other parties named in the deed as *cestuis que trust*.

The third article of the deed of trust made it the duty of the trustee to sell the lands conveyed to him ; and by the fourth article he was directed to pay off the indebtedness specified therein.   The said Le Roy entered upon the duties imposed by the trust deed, and in the course of the execution thereof, commenced an action on the twenty-sixth day of September, 1874, in the District Court of the then Third Judicial District, against Juana M. Estudillo and others, and procured an order of the court for the sale of the trust property to pay the debts embraced in and provided for by the trust deed.   In pursuance of said order of sale, the commissioners appointed by the court for that purpose proceeded to sell the trust property, at which sale Le Roy became the purchaser thereof, and deeds for the same were executed to him by the commissioners.   But the amount for which the property was sold was not sufficient to satisfy the trusts provided for in the deed.   Le Roy failed to pay the claim of Felton, or any part thereof, and departed this life in April, 1882.   In the following May, the petitioner, Edward J. Le Breton, was appointed administrator of his estate. John B. Felton died in May, 1877, and in the following June his executor, Henry Barroilhet, and executrix, Katharine B. Felton, commenced the action complained of and sought to be prohibited, in the Superior Court within and for the city and county of San Francisco.   In the complaint in that action, the foregoing facts, substantially, were set forth, and also the additional fact that Theodore Le Roy and Edward J. Le Breton, his administrator, who was the defendant in the action brought by Barroilhet and Katharine B. Felton, had been in the possession of the lands and premises described in the deed of trust, and had received therefrom rents and profits amounting to $140,000.   The prayer of the complaint in the action against Edward J. Le Breton is, that an account be taken between the plaintiffs and defendants of and concerning the said trust, and of the advances and acts of the said Theodore Le Roy ; that the trusts be executed by selling the lands, premises, and prop-

erty subject thereto; that the proceeds thereof be apportioned between the plaintiffs and the defendants in the proportions in which they may be entitled to the same; and that plaintiffs have and recover costs.

The only question which we have at present to consider in the case is one of jurisdiction. Has the Superior Court of the city and county of San Francisco the right to entertain jurisdiction of the proceeding in the case of Barroilhet and Felton against Le Breton, administrator of the estate of Theodore Le Roy? It is claimed, on behalf of petitioner, that it has not, because it is a proceeding to enforce a lien on real estate, and, under section 5, article iv, of the Constitution, "all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon, real estate shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated." It is admitted that the lands described in the deed of trust are situate out of the county of San Francisco; and if the action in question belongs to any one of the kinds named in the constitution, the Superior Court, where the action was brought, has no jurisdiction. But, on the other side, in support of the jurisdiction of the Superior Court it is contended, in the first place, that the action is not of the kind named in the constitution; and, secondly, that if it does in part come within the language of the constitution, there is another part that does not fall within the constitutional provision. In other words, that the object of the proceeding is to reach personal property as well as realty; and that, in such case, there is concurrent jurisdiction created by law in the court of the county in which the defendant resides. We will notice briefly both of these points.

The proceeding is not based on a lien, neither is it a suit to enforce a lien on real estate; but it is a proceeding to enforce a trust on both personal and real property. In such a case the rule is that the trustee may be sued wherever he can be found. In the case of *Massie* v. *Watt*, 6 Cranch, 160, Chief Justice Marshall said: "Upon the authority of these cases, and others which are to be found in the books, as well as upon general principles, this court is of opinion that, in case of fraud of trust or of contract, the jurisdiction of a court of chancery is sustainable

wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree."

And this, although the lands lie in a foreign jurisdiction. (Perry on Trusts, 70, 71, 72.) The suit was brought against the administrator in the county in which he resides, to enforce a trust, and we have no doubt the Superior Court of that county had jurisdiction.

In the second place, the suit is brought to reach personal property in the hands of the trustee, and that fact gave the court jurisdiction. In the case of *Black* v. *Black*, 27 Ga. 40, the court says: " It is true that the object of the bill was to compel the defendant to convey to the complainant an interest in the unsold lots of the town of Oglethorpe, but it is equally true that another and probably a much greater object of it was to compel defendant to pay over to complainant his part of the profits made by the defendant from the sales of the sold lots of that town ; and, in so far as this last was the object of the bill, the proper county for the bill was the county of defendant's residence, and in that county it was brought. There was then, at least, as much reason that the bill should be brought in the county in which it was brought, as there was that it should be brought in the other county—that in which the land lay. This being so, a court of equity of either county would have juris· diction of the case."

To the same effect is the case of *Ashhurst* v. *Gibson*, 57 Ala. 584, where it is said : " Land must be the subject-matter, and the exclusive subject-matter, of suit, or the jurisdiction conferred by this act does not attach. Remedies must be pursued in the district of the residence of a material defendant, if land and personal property are the subject-matter of suit."

For these reasons, therefore, and on both of the grounds above considered, we think jurisdiction over the case attached to the Superior Court of the city and county of San Francisco.

We are of opinion that the writ should be denied; and it is so ordered.

McKinstry, J., Myrick, J., and Sharpstein, J., concurred.