[Sac. No. 1114.   Department One.—September 24, 1904.]

## J. P. McFARLAND, Appellant, v. J. P. MARTIN et al., Respondents.

VENUE—REAL ACTION—ENFORCEMENT OF TRUST IN MINING PROPERTY.—
Where the plaintiff, by his complaint and the probative facts stated therein, seeks to have it adjudged that he is the owner of an undivided third of the mining property described in his complaint, and that the defendants hold the same in trust for him, and that defendants be directed to execute to him a conveyance thereof, the action involves the title to real property, and is properly brought in the county where the mining property is situated; and the defendants are not entitled to a change of venue to the county of the residence of the defendants merely on the ground of such residence.

ID.—NATURE OF ACTION—RELIEF UPON DEFAULT.—The nature of the action is to be determined by the character of the complaint and from the character of the judgment which might be rendered upon default, which cannot exceed that demanded in the complaint.

ID.—ACCOUNTING NOT DEMANDED—CONTENTION UPON APPEAL.—Where the complaint in a real action does not demand an accounting, nor state facts looking thereto, the contention of respondents upon appeal from an order changing the place of trial to the residence of the defendants, that there might possibly be upon the trial an accounting of a mining partnership, and a personal judgment under the prayer for general relief, is unavailing to sustain the order.

APPEAL from an order of the Superior Court of Madera County changing the place of trial. W. M. Conley, Judge.

The facts are stated in the opinion.

H. H. Welsh, Raleigh E. Rhodes, and Lyman I. Mowry, for Appellant.

George H. Perry, and Francis E. Fee, for Respondents.

HARRISON, C.—Appeal from an order changing the place of trial. The action was commenced in the superior

court of Madera County, and the defendants moved that court to transfer the cause for trial to the city and county of San Francisco upon the ground that that was their place of residence at the time of the commencement of the action. The plaintiff resisted the motion upon the ground that the action is of a local nature, involving the title to certain real property in the county of Madera and the determination of the plaintiff's interest therein. The superior court granted the motion, and the plaintiff has appealed.

The complaint alleges that on the 26th of April, 1900, the plaintiff, by virtue of an agreement of sale, for a valuable consideration paid by him to John Faubel, acquired the mining property described in the complaint, and shortly after conveyed certain interests therein to the defendants.; that he thereupon entered into a mining partnership with the defendants for the purpose of working said mining property, and in pursuance thereof they entered into the occupation of the same, erected valuable improvements thereon, "and have ever since been and are now actually engaged in working said mines and extracting mineral therefrom"; that he has laid out and expended large sums of money for the benefit of said partnership and the developing of said mining claims; and that large quantities of bullion have been taken from said mining claims, and have been taken possession of by the defendants, and portions thereof have been invested in improvements upon a portion of the said mining property; that on or about May 12, 1902, the defendants wrongfully and fraudulently conspired to deprive him of his share and interest in said partnership and said mining claims, and for that purpose, and in violation of their obligations as his partners, and in breach of their duty as such, acquired by purchase from said John Faubel all his interest in said mining claims, and obtained from him as grantor a deed of said mining claims to themselves, individually, bearing date May 12, 1902; that the consideration for the purchase by them of said mining ground was largely contributed by the plaintiff as a mining partner of said defendants; that prior thereto the plaintiff had been the manager and superintendent of said mining claims and had had the control and management thereof, but on said twelfth day of May, 1902, the defendants ousted him therefrom and ignored all his rights and interests thereunto, and

instructed the foreman to take no orders or directions from him. The plaintiff further alleges that he claims an undivided interest in and title to said mining claims equal to that of each of the defendants, and prays judgment that they and each of them may be declared to be trustees for his benefit under said deed to them from Faubel for an undivided one-third interest in the title acquired by reason of said conveyance, and that they be required to convey the same to him by good and sufficient deed of conveyance, and also for general relief.

Succinctly stated, the plaintiff seeks by this action to have it adjudged that he is the owner of an undivided third of the mining property described in his complaint, and that the defendants be directed to execute to him a conveyance thereof. His allegations of the partnership between him and the defendants—the working of the mine under said agreement—the acquisition by them of the legal title to the property—the means by which they acquired such title—the relation of trust between them and him at the time they acquired it—their repudiation of his right therein—are merely averments of probative facts showing his claim of title to the undivided third of the property, and that the defendants hold the same in trust for him, and that he is entitled to a conveyance thereof from them. The allegations in the complaint are not characterized with great precision, and some of them appear to lack connection with the purpose of the suit. The averment that the plaintiff laid out and expended money for the improvement of the mining property would be relevant in an action for establishing a lien therefor under section 2514 of the Civil Code, but is irrelevant in an action to determine the plaintiff's title to the mining property, except in so far as it tends to show the continued existence of the mining partnership.

The constitution (art. VI, sec. 5) provides that "all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof affected by such action or actions, is situated." Section 392 of the Code of Civil Procedure provides that actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is

situated, subject to the power of the court to change the place of trial as provided in said code: "1. For the recovery of real property, or of an estate or interest therein, or for the determination, in any form, of such right or interest, and for injuries to real property." Section 397 of the Code of Civil Procedure provides that the court may change the place of trial, "1. When the county designated in the complaint is not the proper county."

Under the foregoing provision of the constitution, the action was properly commenced in the county of Madera, and section 392 of the Code of Civil Procedure declares that it must be tried in that county, subject to the power of the court, under section 397, to change the place of trial upon one or more of the grounds authorized by statute. The only ground presented in support of the motion was, that the defendants resided in the city and county of San Francisco at the time of the commencement of the action. This fact is, however, insufficient to authorize the transfer of a local action from the county in which it was properly commenced. The right of a defendant to have an action against him tried in the county of his residence is by the terms of section 395 of the Code of Civil Procedure limited to "all other cases" than those enumerated in the previous sections, and is subordinate to the direction in section 392 that a local action like the present must be tried in the county where the property is situated. The authority given the court by section 397 to change the place of trial when the county designated in the complaint is not the proper county is a limitation upon its power, and necessarily implies that if the county designated in the complaint *is* the proper county the place of trial cannot be changed except for some reason authorized by the code.

The contention of the respondents that if at the trial the plaintiff should fail to establish his right to a conveyance he might, under his prayer for general relief, show himself entitled to an accounting of the affairs of the partnership, and that they, therefore, are entitled to a change of the place of trial upon the ground that the complaint will thus authorize a judgment in a personal action, is unavailing upon this appeal. The nature of the action is to be determined from the character of the complaint and from the character of the judgment which might be rendered upon a default thereto.

Under section 580 of the Code of Civil Procedure, if there be no answer, the relief granted to plaintiff "cannot exceed that which he shall have demanded in his complaint." He can have no greater or different relief from that which he has demanded in his complaint. (*Mudge* v. *Steinhart,* 78 Cal. 34.[1]) The complaint herein does not ask for an accounting, and there is nothing in its allegations from which it may be inferred that the court could enter into an accounting of the partnership. The allegation that the plaintiff and defendants "are now actually engaged in working said mines and extracting the mineral therefrom" clearly indicates that the partnership is a going concern, and is inconsistent with the desire for an accounting. The only grievance for which the plaintiff seeks relief is the acquisition by the defendants of the entire title to the mining property of which he claims that he is the owner of one third. The decision in *Smith* v. *Smith,* 88 Cal. 572, 577, cited by the respondents, was made upon the ground that the plaintiff had expressly asked in his complaint for an accounting. In *Le Breton* v. *Superior Court,* 66 Cal. 27, it was held that the action sought to be prohibited was not based on a lien, nor was it a suit to enforce a lien upon real estate.

The present case is substantially the same in its facts as was the case of *Booker* v. *Aitken,* 140 Cal. 471. In that case the defendant held the title to certain real property which the plaintiff alleged had been acquired under such circumstances (setting forth the same in his complaint) that he held it in trust for the estate of the plaintiff's testator, and prayed that it be so adjudged, and that the defendant execute a conveyance of the same. The action was brought in the county in which the property was situated, and it was held that the fact that the defendant was a resident of another county did not give him the right to have the place of trial changed to such county.

We advise that the order be reversed.

Chipman, C., and Gray, C., concurred.

For the reasons stated in the foregoing opinion the order is reversed. Angellotti, J., Shaw, J., Van Dyke, J.

[1] 12 Am. St. Rep. 17.