[L. A. No. 7729. In Bank.—October 19, 1923.]

## C. M. SHEELEY et al., Respondents, v. W. F. JONES et al., Appellants.

[1] PLACE OF TRIAL—PLEADING—CHARACTER OF ACTION.—For the purpose of considering the motion for a change of place of trial the court is permitted to inspect the complaint for the purpose of determining the character of the action and the judgment which might be rendered thereon.

[2] ID.—ORAL AGREEMENT — DELIVERY OF WATER STOCK — SPECIFIC PERFORMANCE.—In an action for specific performance of an oral agreement in respect to the delivery of water stock from defendants to plaintiffs, where the complaint contains no allegation that the water stock is appurtenant to the land transferred by the defendants to plaintiffs and it appears to be personal property in the ordinary sense that commercial water stocks or bank stocks are personal property, the defendants are entitled to have the action transferred to the county of their residence.

[3] ID.—PLEADING—CONSTRUCTION.—A pleader is required to frame his complaint in such a way as to make it clear that he is entitled to retain the trial of his cause in the county in which the action is commenced; if there be any ambiguities they must be resolved against the pleader and in favor of the defendant's right to have the case tried in the county of his residence.

[4] ID.—JOINDER OF REAL AND PERSONAL ACTIONS.—If real and personal actions are joined in the same complaint the case falls within section 395 of the Code of Civil Procedure and must be tried in the county of the defendant's residence.

APPEAL from a judgment of the Superior Court of Riverside County. William E. Ellis, Judge. Reversed.

The facts are stated in the opinion of the court.

Gates & Randles for Appellants.

SEAWELL, J.—This is an appeal from an order denying a motion for a change of place of trial. The action was commenced in the county of Riverside and defendants (appellants) were, at the time of the commencement of the action and ever since have been, residents of the county of Los Angeles. A demurrer, both general and special, was interposed and the moving papers are sufficient in every respect to justify the granting of the motion if, as a matter

of law, appellants are entitled to the transfer. Respondents and appellants agreed orally to an exchange of real properties. Appellants were the owners of a lot of land situated in the town of Corona, county of Riverside, upon which were five acres of orange trees, together with buildings. Respondents were the owners of a building and lot situated in the city of Redondo Beach, county of Los Angeles. By the oral agreements of the parties the appellants promised, in addition to the conveyance of said realty, to include ten shares of water stock of the Temescal Water Company of Corona. The respondents agreed orally, in addition to the conveyance of said realty on their part, to include in the exchange certain household furniture on the premises. The complaint alleges that the plaintiffs and defendants thereafter made a written agreement to said exchange of properties, but in said written agreement nothing is said as to an exchange of the furniture and of the water stock. No reason is assigned for not including either. Deeds of exchange passed. Respondents, as they claim, delivered the furniture to appellants in accordance with said oral agreement but the appellants have failed and refused to deliver said water stock as in said oral agreement agreed upon. Each went into possession of the properties exchanged. This action was brought to compel the specific performance of said oral agreement in respect to the delivery of said ten shares of the said Temescal water stock. An order was issued restraining appellants from disposing of said water stock pending the termination of the action. [1] For the purpose of considering the motion for a change of place of trial the court is permitted to inspect the complaint for the purpose of determining the character of the action, and the judgment which might be rendered thereon. (*McFarland* v. *Martin*, 144 Cal. 771 [78 Pac. 239].)

[2] The complaint contains no allegation that the water stock is appurtenant to the land transferred by appellants to respondents. It appears to be personal property in the ordinary sense that commercial water stocks or bank stocks are personal property. [3] A pleader is required to frame his complaint in such a way as to make it clear that he is entitled to retain the trial of his cause in the county in which the action is commenced. If there be any ambiguities they must be resolved against the pleader and in favor of

the defendant's right to have the case tried in the county of his residence. (*Ah Fong* v. *Sternes,* 79 Cal. 30 [21 Pac. 381].) [4] So, too, it has been held that if real and personal actions are joined in the same complaint the case falls within section 395 of the Code of Civil Procedure and must be tried in the county of the defendant's residence. (*Warner* v. *Warner,* 100 Cal. 11 [34 Pac. 523].)

The order denying the motion for a transfer of the case to the residence of the defendant is reversed.

Wilbur, C. J., Waste, J., Kerrigan, J., Conrey, J., *pro tem.,* Richards, J., *pro tem.,* and Lawlor, J., concurred.