[Sac. No. 5258. In Bank.—January 12, 1939.]

TURLOCK THEATRE COMPANY (a Corporation), Respondent, v. ELWOOD P. LAWS et al., Appellants.

ELWOOD P. LAWS et al., Petitioners, v. TURLOCK THEATRE COMPANY (a Corporation), Respondent.

574

Nathan B. McVay, Livingston & Livingston and Leonard J. Bloom for Appellants.

Gumpert & Mazzera and Charles A. Zeller for Respondent.

THE COURT.—The plaintiff sued Elwood P. Laws, A. Blumenfeld, Joe Blumenfeld, and several fictitious defendants, to recover alleged unpaid rentals under a lease of a moving picture theater in Turlock, Stanislaus County; also to terminate the lease and to be restored to possession of the property. The action was commenced in Stanislaus County on June 2, 1938. The defendants specifically named were served with summons. Within due time they filed a demurrer and a notice of motion for change of place of trial to the city and county of San Francisco, the place of their residences. The motion was argued on August 1st and on August 11th the court entered an order denying the motion. The defendants appealed from the order. They also applied for a writ of *supersedeas* staying further action of the trial court pending the determination of the appeal.

On the hearing of the motion it appeared that on July 22d, and after the filing of the notice of motion, Edward Albin, a resident of Stanislaus County, was served as one of the defendants fictitiously named. An amendment to the complaint stating the true name of such defendant to be Edward Albin was filed on July 25th. No service of the amendment was had on opposing parties or their attorneys. When the court called attention to the matter, counsel for the plaintiff stipulated that the plaintiff had no intention of urging the residence of Edward Albin in opposition to the defendants' motion for change of place of trial. The court took note of the stipulation and remarked that it would disregard entirely the matter of the residence of Edward Albin for purposes of the motion. The question before this court is whether the complaint states a cause of action, the subject-matter of which is exclusively local, thus requiring a trial in Stanislaus County; or whether the complaint includes as

well a cause of action alleging matter of a so-called transitory nature which should permit the defendants to prevail in their application for a change of place of trial. That question must be determined from an inspection of the allegations of the complaint and the nature of the relief sought; and all ambiguities must be resolved against the pleader. (See *Sheeley* v. *Jones,* 192 Cal. 256 [219 Pac. 744]; *Weygandt* v. *Larson,* 130 Cal. App. 304, 308 [19 Pac. (2d) 852].)

The complaint in form includes three causes of action, in the first it is alleged that on August 1, 1936, a lease was executed by the plaintiff to the defendant Laws of the theater property situated in the city of Turlock, for a five-year term, and whereby the lessee agreed to pay as rental fifteen per cent of the gross monthly box office and storeroom receipts, with a guarantee of $500 minimum rental per month; that it was also agreed that a complete daily report of the box office receipts would be mailed forthwith to the secretary of the plaintiff. It was also alleged that by the agreement no assignment would be made without the written consent of the lessor. Breaches of the lease provisions were alleged, consisting of the wilful and fraudulent failure and refusal of the defendant Laws to make full and accurate report of the daily box office receipts and refusal to pay fifteen per cent of such receipts, and that the defendants have thus withheld from the plaintiff an estimated $300 per month from the beginning of the lease. In addition it was alleged that the defendant has failed to pay any rental whatsoever subsequent to March 1, 1938, and that the defendant Laws had assigned the lease to others without the consent of the plaintiff. Upon its first cause of action the plaintiff prayed judgment for the amount of the rental found to be unpaid under the lease; for a cancellation of the lease, and to be restored to possession of the premises.

As a second cause of action the plaintiff alleged a wrongfull withholding of possession, and in this respect it asked for $10,000 damages and restoration of possession. A third cause of action contained the usual allegations when it is sought to quiet the title against adverse claims, with a prayer for the appropriate relief thereunder.

Section 392 of the Code of Civil Procedure provides that actions for the recovery of real property, or for the determination of any right or interest therein, and for injuries to real

property, must be tried in the county where the real property or some part thereof is situated.

The plaintiff does not question the application to the appropriate facts of the well-settled rule enunciated in *Smith* v. *Smith*, 88 Cal. 572 [26 Pac. 356], and other cases. (*Ah Fong* v. *Sternes*, 79 Cal. 30, 33 [21 Pac. 381]; *Warner* v. *Warner*, 100 Cal. 11, 16 [34 Pac. 523]; *Sheeley* v. *Jones, supra; Howe* v. *Tucker*; 219 Cal. 193 [25 Pac. (2d) 832]; *Bardwell* v. *Turner*, 219 Cal. 228 [25 Pac. (2d) 978]; *Nason* v. *Feldhusen*, 34 Cal. App. 789, 795 [168 Pac. 1162]; *Chew* v. *Storrie*, 108 Cal. App. 313 [291 Pac. 610].) The rule of the cited cases is that section 392 is effective only when the real property or the title thereto is the exclusive subject-matter of the action. When a cause of action for relief *in personam* also is joined, the defendant is entitled to have the cause transferred to the county of his residence. The basis for the distinction in the application of the code provisions, stated in *Smith* v. *Smith, supra,* will bear repetition:

''Section 395 of the Code of Civil Procedure provides that 'in all other cases the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action'.

''The general spirit and policy of the statute is to give to the defendant the right of having all personal actions against him tried in the county of his residence. Provision is made for the trial of actions affecting real estate in the county where the land is situated, and for the trial of certain other designated actions in the county where the cause of action arose; but the general rule for the place of trial is prescribed in section 395, by the declaration that 'in all other cases' the action must be tried in the county in which the defendant resides at the commencement of the action. This section is general and comprehensive in its terms, and embraces *all* other cases than those which are specified in the three preceding sections. It is intended to protect the defendant in the expense and inconvenience of being compelled to go to a distant county to defend himself against an action that might be commenced against him there, and is in accordance with the principles that obtain wherever the common law prevails, that the plaintiff who would seek redress from a defendant must seek it in the county where he resides.

''When, however, the subject-matter of the action is local, and the judgment which is sought is to operate directly upon

that subject-matter, it is provided that the action shall be tried in the county where the subject-matter of the action is situated. This being an exception to the general rule, the conditions under which the exception is claimed must be clearly and distinctly shown. The plaintiff cannot, by uniting in his complaint matters which form the subject of a personal action with matters which form the subject of a local action, compel the defendant to have both those matters tried in a county other than that in which he resides. It is only when the real estate alone is the subject-matter of the action that the provisions of section 392 can be invoked against a defendant who resides in a county different from that in which the land is situated. If, in his complaint, the plaintiff join with such cause of action another which is not embraced in its provisions, or if he also seeks a remedy against the defendant upon matters which are not embraced within the provisions of this section, his action becomes one of those 'other cases' provided for in section 395, which the defendant is entitled to have tried in the county of his residence.''

█ The burden of the plaintiff's contention is that the title to and possession of the real property is the primary object of the action and that the personal remedies sought, namely, judgment for unpaid rentals and a necessary accounting to determine the amount thereof, are merely incidental to the primary object within the meaning of such cases as *McFarland* v. *Martin,* 144 Cal. 771 [78 Pac. 239] (wherein the plaintiff sought to recover a one-third interest in mining property), *Grocers' Fruit Growing Union* v. *Kern County Land Co.,* 150 Cal. 466 [89 Pac. 120] (involving an action for the specific performance of a contract to convey lands), *State* v. *Royal Consolidated Min. Co.,* 187 Cal. 343 [202 Pac. 133] (wherein the state sought to recover title and possession of certain mining properties and the rents, issues and profits derived therefrom), *Robinson* v. *Williams,* 12 Cal. App. 515 [107 Pac. 705] (an action brought to establish ownership in the plaintiff of real property pursuant to contract of sale to and a breach by the defendant), and *Brown Materials Co. Ltd.* v. *Angus,* 20 Cal. App. (2d) 32 [66 Pac. (2d) 470] (involving, an action to establish the plaintiff as the owner of certain leases of lands).

A reference to but one of these cases will serve to distinguish all of them and dispose of the plaintiff's contention.

In the case of *State* v. *Royal Consolidated Min. Co., supra,* it was held that the action, in so far as it related to rents, issues and profits, was essentially one to quiet title, for the reason that the right thereto depended upon the issue of title, and an adjudication of the right to rents was necessarily determinative of the right to the land itself. The question there did not arise out of proceedings for a change of venue, but was concerned with the question whether the court in Sacramento County had power pursuant to section 3773 of the Political Code to entertain jurisdiction of an action involving title and possession of real property situated in another county. The correctness of the holding that the relief there sought in the nature of rents, issues and profits was merely incidental to the primary object of the action, that is, to recover the title and possession of the mining properties, need not be questioned. It is apparent, however, that under the allegations in the complaint in the present action, the contrary situation obtains. Here the right to possession of the real property largely depends upon the outcome of the controversy concerning the amounts of rentals paid or claimed to have been unpaid by the defendant. If it be found, under the allegations of the first cause of action wherein the plaintiff seeks to recover the amount of rentals alleged to remain unpaid, that all rentals have been paid in accordance with the contract, it may result that the plaintiff would not be entitled to any of the relief prayed for. We would thus have the situation where the cause of action for the unpaid rentals is the primary object of the complaint, and relief by way of restoration of possession would follow the judgment on that cause of action. That is not the situation obtaining in the case last cited, where the judgment for the rents and profits followed as an incident of a judgment awarding title and possession to the plaintiff.

As above indicated, the parties do not question the personal nature of the cause of action seeking recovery for alleged unpaid rentals. Inasmuch as that relief is not merely an incident to the claim to be restored to possession, but is distinctly a primary object of the complaint, we must conclude that the plaintiff has joined a personal or transitory cause of action with one of a local character, and the trial court on the record before it erred in denying the motion.

The order to show cause and the temporary stay of proceedings issued upon the application of a writ of *supersedeas* are discharged. The order denying the motion for change of place of trial is reversed.