[Civ. No. 4213. Fourth Dist. Sept. 15, 1950.]

LEONARD MARTINEZ, Respondent, v. JULIAN MARTINEZ, Appellant.

Geo. W. Trammell for Appellant.

Alfred Einstein and V. Lustig for Respondent.

BARNARD, P. J.—This is an appeal from an order denying a motion for change of venue.

The complaint alleged the sale to the plaintiff by the defendant of a ship supply business located in San Diego, under a written contract which was set forth in full; that it was the agreement, intent and purpose of the parties that the defendant was not to reengage in a similar business in San Diego County; that by mutual mistake a clause to that effect was not included in the agreement; that by mutual mistake, or by the mistake of the plaintiff and the fraud of the defendant, the agreement did not embody the actual agreement as theretofore made; and that the written agreement does provide for the sale of all of the vendor's interest in said business "including the good will." In a second cause of action, it was alleged that the phrase "including the good will" meant that the defendant would not engage in a similar business in San Diego County; that the defendant knew that the plaintiff would not have bought the business without an agreement to that effect; that such a clause was omitted from the contract either by mutual mistake or through the fraud of the defendant; and that the defendant, in October, 1949, reengaged in a similar business at another location in San Diego and has since solicited plaintiff's customers. The prayer is that the written agreement be reformed to express the true intention of the parties as set out in the complaint, and that the defendant be enjoined from continuing in the ship supply business in San Diego. The agreement attached to the complaint provides for the sale of personal property only, this business with certain fixtures and including the good will, and for the payment of the purchase price in monthly instalments.

The defendant demurred, and moved to have the action transferred to the Superior Court of Los Angeles County. His affidavit in support of the motion alleges that his residence is and was at the time of the commencement of the action in Long Beach; that the written agreement attached to the complaint was executed in Long Beach; and that a note and chattel mortgage securing the payments to be made were also executed in Long Beach at the same time the agreement was executed. Copies of this note and chattel mortgage were attached and by reference made a part of the affidavit. The

note provides that the amounts due are to be paid to the defendant at a certain address in Long Beach. The chattel mortgage makes no reference to the place at which it was executed, but it was acknowledged before a notary public in Los Angeles County on the same day the note and mortgage are dated. The plaintiff filed an affidavit in opposition to the motion which, so far as material here, merely states that the property referred to in the note and chattel mortgage is situated at a certain address in the city of San Diego. The court denied the motion for change of venue, and this appeal followed.

The complaint does not allege that the contract was executed in San Diego County, and the contract itself does not disclose where it was executed. The defendant's statement that it was executed in Long Beach was not denied. There is no showing to the contrary, and upon the contract as written nothing further was to be done by the vendor. The note and mortgage were executed at the same time, the mortgage being acknowledged in Long Beach, and the note providing that all payments were to be made in Long Beach. The fact that the defendant resided in Long Beach was not disputed and is not questioned.

On the face of the complaint and the contract as executed, the proper place for the trial of the action was Los Angeles County, under section 395 of the Code of Civil Procedure. With respect to the matter of reforming the contract, the main question here is whether this action comes within one of the exceptions mentioned in that section. This exception provides that when a defendant "has contracted to perform an obligation in a particular county" that county is the proper place for trial "of an action founded on such obligation," and that the county in which "such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

In this case it does not yet appear that the defendant has contracted to perform an obligation in San Diego County, that being the basic fact which the plaintiff is seeking to establish through this action. So far as now appears, the action is not founded on an obligation which the defendant has contracted to perform in San Diego County. Nor does it now appear that any such obligation was incurred in San Diego County. So far as now appears any obligation assumed by the defendant was incurred in Los Angeles County.

As disclosed by the complaint and as matters now stand,

this was a personal and transitory action to change the terms of a contract by adding an obligation which, if added, would relate to a performance in San Diego County. The primary purpose of the action was to determine whether or not such an obligation exists at all, and the enforcement of the obligation which may be created is incidental. If it be found that the plaintiff is not entitled to reformation, he would not be entitled to any of the relief prayed for. So far as the reformation issue is concerned the action does not come within the exception in question. (*Turlock Theater Co.* v. *Laws*, 12 Cal.2d 573 [86 P.2d 345, 120 A.L.R. 786].)

The injunction phase of the action is incidental to its primary purpose and is inapplicable until and unless that purpose is accomplished. Any issue in that connection is not sufficient to bring the action within the exception above mentioned. ■ When a cause of action for relief *in personam* is joined with another cause of action which is local in character, the defendant is entitled to have the action transferred to the county of his residence. (*Turlock Theater Co.* v. *Laws*, 12 Cal.2d 573 [86 P.2d 345, 120 A.L.R. 786] ; *Goossen* v. *Clifton*, 75 Cal.App.2d 44 [170 P.2d 104].) ■ An action to reform a contract, and for an injunction in accordance with such relief, is a proceeding in equity and is essentially a personal action. (*Bardwell* v. *Turner*, 219 Cal. 228 [25 P.2d 978].)

The order appealed from is reversed.

Griffin, J., and Mussell, J., concurred.