[Civ. No. 15469.   First Dist., Div. Two.   June 30, 1953.]

ROBERT F. WILLIAMS, Appellant, v. EDWARD D. LANDELS et al., Respondents.

Philip S. Ehrlich, Albert A. Axelrod, R. J. Hecht and Irving Rovens for Appellant.

Stanley A. Weigel and Moira D. Ford for Respondents.

McCOMB, J.*—Plaintiff appeals from an order granting a motion for a change of venue from the Superior Court of the State of California in and for the County of San Francisco to the Superior Court in and for the County of Santa Clara, in an action for specific enforcement of a contract.

*Facts*: The amended complaint alleged that on September 11, 1925, plaintiff and W. A. Wallace, now deceased, as parties of the first part, entered into an agreement in the City of San Francisco with W. R. Ames, also deceased, to organize the Williams-Wallace Company under the laws of the State of California to engage in the business of manufacturing sheet metal and other metal articles. The agreement provided that the capital stock should be $100,000, divided into 1,000 shares; that the articles of incorporation should provide for a board of five directors and should fix the principal place of business as San Francisco. It was further agreed that the parties of the first part should each be a director of the company and that the other three directors should be nominees of the party of the second part. In consideration of the agreement of the party of the second part to finance the company, the parties of the first part agreed to devote their entire time and best efforts to the company so long as the same should be financed by the party of the second part. It was also provided that the "party of the second part promises and agrees that so long as either of the parties of the first part remains with said company and devotes his entire time and attention and best efforts to said business, the party of the second part will sell to him at par all, or any part, of twenty per cent (20%) of the issued capital stock of said company at a price found by deducting from the par value of said shares all dividends paid thereon." The agreement also contained this: "It is understood and agreed that none of the rights arising out of this contract in favor of any party shall be assignable; and that none of the parties thereto shall assign any right arising out of or under this contract."

It was further alleged that W. R. Ames died in 1926 and that his residuary estate was distributed to his widow, the de-

---

*Assigned by Chairman of Judicial Council.

fendant Harriet Ames, and defendant Edward D. Landels. Decedent Ames' will provided that the trustees were to hold the property for certain uses, one of which was to continue the management and control of any business which decedent directly or indirectly owned or had an interest in at the time of his death.

Mr. Wallace left the employ of the Williams company in 1945. In 1946, defendant Alan Kinkead, a son-in-law of defendant Harriet Ames, was employed by the company, elected to the board of directors and a vice-president. On April 1, 1946, plaintiff resigned as president of the company and left its employ but retained his position as director. Mr. Wallace was subsequently reemployed by the company and elected to the board of directors, which position he occupied until his death in 1950.

Thereafter, defendants caused certain treasury stock to be sold so that they gained more than 80 per cent control of the company, whereupon they reduced the board of directors to three in number and plaintiff, not having sufficient stock to elect himself a director, was eliminated from the board.

Plaintiff alleges that defendants have agreed that they will not buy his stock unless they can purchase it for a small fraction of its true value and that they have excluded him from the management of the company, thus violating the contract which he had entered into with Mr. Ames. The prayer of the amended complaint asks that defendants be required to elect plaintiff a director of the company or that defendants be required to purchase plaintiff's stock at its fair and reasonable value.

*Question: Was the city and county of San Francisco the proper county for the trial of the action for the reason that the contract was entered into in such county?*

*No.* The right to have an action tried in a county other than that of defendant's residence is exceptional and defendant may not be deprived of the right to a trial in the county of his residence unless plaintiff brings a case clearly within a statutory exception. (*Kaluzok* v. *Brisson,* 27 Cal.2d 760, 763 [4] [167 P.2d 481].)

Plaintiff relies upon section 395(1) of the Code of Civil Procedure, which reads in part as follows: "In all other cases, except as in this section otherwise provided, and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants, or some of them, reside at the commencement of the action, is the

proper county for the trial of the action . . . *When a defendant has contracted to perform an obligation* in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation . . .'' (Italics added.) It is to be noted that the foregoing section provides that the county ''in which the contract in fact was entered into'' is the proper county for the trial of the action ''When a defendant has contracted to perform an obligation in a particular county.'' In the present case the amended complaint fails to disclose that defendants or any of them entered into a contract with plaintiff to perform any obligation in any county. Therefore, the foregoing section is inapplicable.

Neither is *Turner* v. *Simpson*, 91 Cal.App.2d 590 [205 P.2d 423], here in point for in such case, which involved a suit for the breach of a contract for the sale of shares of stock, defendant had entered into a contract with plaintiff in the city and county of San Francisco to perform an obligation. This situation does not obtain in the instant case. ██ The allegation in the amended complaint that defendants are the ''successors'' of the deceased contracting party constitutes a mere conclusion of law which is contrary to the very allegation of the pleading itself wherein it is alleged that the contract specifically contained a provision against any of the parties assigning their right or rights under the contract. (*Cf. Gas Appliance Sales Co.* v. *W. B. Bastian Mfg. Co.*, 87 Cal.App. 301, 309 [5] [262 P. 452].)

██ If plaintiff is entitled to any relief against defendants it is as a dissatisfied minority stockholder, which is a proceeding in equity, and being equitable in nature is a personal action triable in the county of defendant's residence. (*Martinez* v. *Martinez*, 99 Cal.App.2d 425, 428 [2, 3] [221 P.2d 986].)

The trial court's ruling is correct.

Affirmed.

Nourse, P. J., and Dooling, J., concurred.