[No. 9570.  In Bank. — April 26, 1887.]

J. W. GREEN ET AL., APPELLANTS, *v.* A. CAROTTA ET AL., RESPONDENTS.

RIPARIAN RIGHTS — WATER FLOWING IN ARTIFICIAL CHANNEL. — The action was brought to enjoin the defendants from interfering with the flow of the waters of an alleged natural stream.  The water in dispute was contained in a lagoon located upon the land of the defendants, and never had any natural outlet.  More than ten years prior to the commencement of the action, a former owner of the lands of the plaintiffs and defendants cut a ditch over that portion of his land now owned by the defendants, through which he conducted the water of the lagoon for purposes of irrigation and drainage, and ever since he and the defendants have continuously used all of the water flowing in the ditch, except

such as they wasted, as their own, and adversely to the whole world. The ditch is located upon the border of the plaintiffs' land, and by the parol leave of the defendants and their predecessors, they have used the waste water of the ditch, but have no further claim or right therein. *Held,* that the defendants were the absolute owners of the water, and that the plaintiffs had never acquired any riparian right thereto.

ID. — RIGHTS IN ARTIFICIAL CHANNEL — APPEAL. — In such an action, the rights of the plaintiffs in the artificial channel of the stream will not be considered on appeal, when no such rights are claimed in the pleadings.

APPEAL from a judgment of the Superior Court of San Benito County, and from an order refusing a new trial.

On the trial, one Swope, the grantor of the plaintiffs, was permitted to testify, against their objection, that he only sold them the waste water of the ditch. The further facts are stated in the opinion.

*B. B. McCroskey, Moore, Laine & Johnston,* and *T. H. Laine,* for Appellants.

*Briggs & Hawkins,* and *S. F. Leib,* for Respondents.

FOOTE, C.—This action was brought by Green and wife for the purpose of perpetually enjoining Carotta and others from disturbing what the former alleged to be the natural flow of a stream of water, and for damages for such disturbance.

The defendants denied all the *material* allegations in the complaint, and asserted, among other things, that there was no stream flowing in a natural channel to and through the plaintiff's land, and even granting there had been such a stream, that they were entitled to its waters by a prior appropriation thereof, and that such appropriation had been adverse and continuous for more than ten years prior to the filing of the complaint in the action, and that the plaintiffs were estopped by standing by without remonstrance, and permitting the defendants for more than five years to use all the water in dispute, and to expend large sums of money in improving their

land for irrigation, by means of said waters, and by other acts of estoppel *in pais.*

From the findings, which were made on all the material issues contained in the pleadings, and are supported by the evidence (although conflicting), it appears, *inter alia,* that there never was, in fact, any stream of water flowing in a natural channel where the plaintiffs claimed; that originally the water in dispute was contained in a lagoon or lake fed by a spring located on the land of the defendants, from which no natural stream or outlet flowed or existed; that for purposes of drainage and irrigation, a former owner of both the plaintiffs' and defendants' lands had cut a ditch over that part of his then premises now owned by the defendants, for purposes of drainage and irrigation, more than ten years before the action was brought, and that he and the defendants, as his successors, had continuously used all the water which flows from said lagoon through said ditch, except such as they wasted, as their own, and adversely to the whole world, and without any adverse claim set up against them for more than ten years prior to the bringing of this action; that said ditch ran down to the border of the plaintiffs' lands, and that, by leave of the defendants and their predecessors in interest, not in writing, the plaintiffs had used the "waste water" of said ditch, but had no further right or claim therein; that the plaintiffs' right to maintain their action and each cause thereof, as by them stated, was barred by the provisions of sections 318 and 319 of the Code of Civil Procedure.

To us it seems that the defendants and their predecessors owned the water in dispute as absolutely as if it had been drawn from a well located on their land, and overflowing the same or not at their election, and that the plaintiffs never acquired any riparian right to the water, because it never flowed to or over their land in any natural channel whatsoever; that the only water which came to them was "waste water," which they got through

the revocable license of the defendants and their predecessors in interest.

Such being the case, it is not material whether the admission of a part of the evidence of the witness Swope was in the nature of parol evidence to vary a written instrument, or not, for the reason that since the evidence showed that no natural stream of water ever flowed to or through the plaintiffs' land, it could make no difference what were the terms of their deed, whether they would have carried the title to the waters of such a stream, had it existed, or the contrary.

The plaintiffs in argument claim some right in what they term the "artificial channel of the stream," but they made no such claim in their pleading, and cannot now be heard to do so.

Upon the whole case it appears to us that the record discloses no prejudicial error, and that the judgment and order should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, judgment and order affirmed.

Rehearing denied.