[Civ. No. 4079. Third Appellate District.—September 16, 1930.]

GEORGE H. CHEW, Appellant, v. ROBERT C. STORRIE et al., Defendants; ROBERT B. MUIR et al., Respondents.

Roland J. White and Charles W. Haswell for Appellant.

Robert M. Searls and John Parks Davis for Respondents.

MR. JUSTICE THOMPSON DELIVERED THE OPINION OF THE COURT.—An action was commenced by the plaintiff in the county of Plumas. The complaint united a cause of

action for the foreclosure of a mechanic's lien against the defendant Muir and Storrie & Co., a copartnership, with a personal action against the said defendants, and several surety companies which were joined as defendants, based upon their liability, independent of the mechanic's lien, upon surety bonds and a builder's bond given for the faithful performance of a contract. The prayer of the complaint asked for the foreclosure of the mechanic's lien to satisfy an amount alleged to be due the plaintiff as a subcontractor, and also asked for a personal judgment against the defendants upon the bonds. The defendants, Muir and Storrie & Co., filed a motion for change of place of trial on the ground that their place of residence was in the city and county of San Francisco. This motion was accompanied with the proper notice, demand and affidavits. The motion was granted and the cause was transferred to the city and county of San Francisco. From this order the plaintiff has appealed.

A claimant is entitled to try an action which is instituted solely for the purpose of foreclosing a mechanic's lien in the county where the real property is located upon which the lien is imposed. (Sec. 392, Code Civ. Proc.)

When a complaint for the foreclosure of a lien also states another independent cause of action based upon personal liability under the obligations of a bond or otherwise, the action becomes transitory and the place of trial may be changed pursuant to the provisions of section 397 of the Code of Civil Procedure, to the county in which the defendants, or some of them, reside at the commencement of the action, under the authority of section 395 of the same code. Unless the cause of action which is set forth in the complaint falls wholly within the provisions of section 392, *supra,* it may be subject to be transferred to the county in which the defendants or some of them reside. (*Smith* v. *Smith,* 88 Cal. 572 [26 Pac. 356]; *Sheeley* v. *Jones,* 192 Cal. 256 [219 Pac. 744]; *Brown* v. *Happy Valley Fruit Growers,* 206 Cal. 515, 523 [274 Pac. 977, 980].) In the case last cited the court says:

"A plaintiff cannot by uniting in his complaint matters which form the subject of a personal action, such as fraud and collusion, with matters which form the subject of a local action, compel the defendants to have both matters

tried in a county other than that in which said defendants reside.''

The uniting of a personal action with one *in rem* waives the right conferred by section 392, *supra*, to try the case in the county where the property is located. Since the complaint in the present case unites a suit for personal liability upon a bond, with the suit to foreclose the lien, the change of venue was properly granted.

The order is affirmed.