[Civ. No. 549. Fourth Appellate District.—December 14, 1931.]

GEORGE S. CASE, Respondent, v. M. M. KIRKWOOD et al., Appellants.

Leonard J. Meyberg for Appellants.

Walter C. Davison for Respondent.

BARNARD, P. J.—This is an appeal from an order denying a motion for a change of venue. The action is one to foreclose a mechanic's lien on certain real property in the county of Riverside. The complaint also asked for a personal judgment against the appellants for the amount of the debt which was claimed to be secured by the lien. The only question presented is as to whether these appellants have a right to have the action as against them tried in the county of their residence, it being conceded that they are and were residents of the county of Los Angeles.

It is contended that the cause of action against the appellants is a personal one, and that it is separate and distinct from another cause of action to foreclose a mechanic's lien, as set up against the other defendants. In the complaint it is alleged that the appellants ordered the

work performed and agreed to pay for the same. Because it is also alleged in the complaint, on information and belief, that another one of the defendants is the owner and reputed owner of the real property described, it is argued that, in fact, a cause of action for the foreclosure of a mechanic's lien as against the owner of the property, is joined with another cause of action for the recovery of the contract price of the work from the appellants. Appellants contend that this latter cause of action is entirely separate and distinct from the former; that it is a personal action, so far as they are concerned; and that they are entitled to have it removed to the county of their residence under section 395 of the Code of Civil Procedure. They rely on such cases as *Sheeley* v. *Jones,* 192 Cal. 256 [219 Pac. 744], and *Brown* v. *Happy Valley Fruit Growers, Inc.,* 206 Cal. 515 [274 Pac. 977].

The cases cited do not apply here, since a different situation is presented by the record before us, and the supposed two causes of action are neither separate and distinct as between themselves nor as between the appellants and the other defendants. While the complaint alleges that another defendant is the owner and reputed owner of the land on which it is sought to establish a lien, it also alleges that these appellants employed the respondent to do the work in question, agreeing to pay him a specific sum therefor upon the completion of the work; that the work was done in accordance with the agreement; that a notice of claim of lien was duly recorded; and that all of the defendants, including the appellants, have or claim to have some right, title or interest in and to the premises in question, which rights, titles or interests are subsequent to and subject to respondent's lien. The prayer not only seeks a personal judgment against the appellants for the amount claimed, but asks that it be declared that the respondent has a lien on the land for that amount; that the interest in the land claimed by each of the defendants, including the appellants, be declared to be subordinate to respondent's lien; that the land be sold; and that the interests of the appellants in the land be foreclosed.

It thus fully appears that the complaint not only seeks a personal judgment against these appellants but also alleges that they claim an interest in a particular parcel of real

property, and seeks to have such interest subjected to a lien in favor of the respondent and to have any such interest foreclosed. Section 5, article VI of the Constitution of this state, reads in part as follows: "Provided, that all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated."

Section 392 of the Code of Civil Procedure provides in part as follows: "Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the powers of the court to change the place of trial, as provided in this code: 3. For the foreclosure of all liens and mortgages on real property."

In *McFarland* v. *Martin,* 144 Cal. 771 [78 Pac. 239, 240], the court says: "The right of a defendant to have an action against him tried in the county of his residence is by the terms of section 395 of the Code of Civil Procedure limited to 'all other cases' than those enumerated in the previous sections, and is subordinate to the direction in section 392 that a local action like the present must be tried in the county where the property is situated. The authority given the court by section 397 to change the place of trial when the county designated in the complaint is not the proper county is a limitation upon its power, and necessarily implies that if the county designated in the complaint *is* the proper county the place of trial cannot be changed except for some reason authorized by the code."

These authorities dispose of the question before us. The cause of the action set up as against these appellants is not separate and distinct from the foreclosure of the lien asked for as against the other defendants, but a lien is sought to be established against the interest of these appellants in particular real property, and a foreclosure of this lien is sought. The personal judgment asked for against these appellants is merely incidental to the foreclosure of the lien. (*Coley* v. *Hecker,* 206 Cal. 22 [272 Pac. 1045].)

In *Giant Powder Co.* v. *Flume Co.,* 78 Cal. 193 [20 Pac. 419], the court said: "It has been the constant and uniform practice ever since we had a lien law in this state

for the benefit of material men and others, in actions for the foreclosure of such liens, to make the owner and contractor parties defendant, and to unite a personal action against the contractor for the money, with the action to establish the lien and for its foreclosure against the owner. The practice is much to be commended, in that it prevents a multiplicity of suits, and thus saves labor and expense. If each material-man or person performing labor on a building had to bring separate actions against the contractor for the recovery of his money, it is manifest the expense of the litigation would be greatly increased. This constant and uniform procedure continued for so long a time is strongly persuasive that the practice is correct.''

██ When it is alleged that the party against whom a personal judgment is sought is also interested in the real property, and a foreclosure of this interest is sought, the action, as to such a party, is one to foreclose a lien, and under the authorities cited, must be tried in the county in which the land is situated.

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 11, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 11, 1932.