[L. A. No. 13899.   In Bank.—April 1, 1935.]

LOS ANGELES LAND & WATER COMPANY (a Corporation), Appellant, v. CONSUMERS ROCK AND GRAVEL COMPANY (a Corporation), Respondent.

Anderson & Anderson and Trent G. Anderson for Appellant.

Bauer, Macdonald, Schultheis & Pettit and Fred E. Pettit, Jr., for Respondent.

THE COURT.—This action for declaratory relief was instituted by plaintiff, as lessor of certain properties situate in Los Angeles County, against the present lessee, to secure the construction of one clause in the written lease entered into between the plaintiff and defendant's predecessor in interest. The clause in question reads as follows:

"FOURTH—Lessee to Pay Taxes on Improvements: As a further part of the rental, and in addition to the royalties hereinbefore mentioned, the lessee shall pay all taxes of any city, county or state, or any subdivision, which may be lawfully levied or become a lien upon, or on account of any improvements of the lessee upon the said premises during the term of said lease; *and shall also pay any increase in taxes on the lands covered by this lease caused by an increase in the assessed value of such lands in the future over and above the assessed value of said lands for the year 1925:* Provided, however, that the lessee shall have the right to contest all such taxes, and pending any such contest and during its continuance in good faith may delay or defray the payment thereof, but not so as to lose the right of redemption from any sale under any tax, assessment or governmental charge. The lessor shall pay the portion of all taxes, assessments and governmental charges on the said premises, levied on account of the land, exclusive of the improvements of the lessee thereon."

The controversy here involved turns upon the proper construction of the italicized portion of the above clause. The parties are agreed as to the effect of the clause except in one situation, viz., where both the assessed valuation and the rate of tax have increased over these existing in 1925. The trial court held that by the words "any increase in taxes on the lands . . . caused by an increase in the assessed value of such lands in the future" over and above the assessed value in 1925, the tenant agreed to pay only

such increase "caused" by an "increased valuation", and did not agree to pay any increase in the tax caused by an increase in the rate. The conclusion of the trial court on this point reads as follows:

"That the defendant is entitled to a declaratory judgment herein, ordering, adjudging, decreeing and declaring that under the said provisions of said lease, in the event of both an increase in the assessed value of said lands over and above the assessed value of such lands in the year 1925, and an increase in the tax rate over and above the tax rate fixed and in effect in the year 1925, the defendant shall be required to pay so much thereof as is due to the increase in assessed value over the assessed value of such lands for the year 1925, in accordance with and to the extent of its obligation as in said lease set forth, and that the plaintiff shall be required to pay that portion of said increase due to increase in tax rate, in addition to the amount of taxes upon said land determined at the valuation and at the rate in effect for the year 1925; together with its costs herein incurred." We are of the opinion that the trial court's interpretation of the language used is the only possible interpretation under the circumstances.

█ It is elementary that, in the absence of an agreement, the duty to pay all state, municipal and county taxes and assessments, which during the term of the lease become chargeable upon the premises, is imposed by law upon the landlord. (36 Cor. Jur. 113.) Of course the tenant may assume such liability, but such liability does not exist unless the lease clearly imposes it upon the tenant. (36 Cor. Jur. 115.)

In the present case the tenant, as far as the problem here involved is concerned, assumed one liability—to pay any increase in taxes "caused by an increase in the assessed valuation"—he did not agree to pay any increase caused by an increase in the tax rate. It necessarily follows that that liability, not having been expressly provided for, rests where the law, in the absence of agreement, imposes it, upon the landlord.

█ If, as appellant contends, this interpretation is not in accord with the intent of the parties, appellant's appropriate remedy was an action for reformation.

The judgment appealed from is affirmed.