[Civ. No. 6401.   Third Appellate District.—May 20, 1940.]

C. D. PAULIN, Appellant, v. GRACE H. PAULIN et al., Respondents.

Boyd C. Barrington and Hugh Y. Gibson for Appellant.

Dell A. Schweitzer and Harold W. Schweitzer for Respondents.

LEMMON, J., *pro tem.*—This action is one in declaratory relief, in which the plaintiff sought to have determined the rights of the parties to an agreement entered into between himself and his former wife during the existence of the marriage relation. From a judgment adverse to him this appeal was taken.

The plaintiff and the defendant, Grace H. Paulin, entered into an agreement on March 5, 1915. The agreement recites that Mrs. Paulin inherited in 1907 approximately $18,000 from her parents, which, during the marriage relation, came under the control and disposition of the plaintiff, and "the said second party (plaintiff) is desirous of repaying to first

party (defendant Grace H. Paulin) the said sum of $18,000.-00, and also in lieu of interest, $100.00 per month commencing March 1, 1915, until the said $18,000.00 is paid in full; or, in case of the remarriage of the party of the first part, then, and upon the said marriage the said $100.00 shall be reduced to an amount equal to seven per cent per annum on the unpaid portion of the principal of $14,450.00''. This latter figure of $14,450 is arrived at by crediting upon the sum of $18,000 property received by Mrs. Paulin under the terms of the agreement at the agreed value of $3,550. Further recital is contained therein that plaintiff is an heir at law under the will of William Henry Paulin, deceased, under which will the defendant, Security First National Bank of Los Angeles, is now acting as a trustee in the administration of a trust created by the will. Provision is found in the agreement under which Mr. Paulin assigned to Mrs. Paulin ''a sufficient amount of said property to meet all obligations under and by virtue of this agreement in favor of first party, including premiums on insurance, court costs, or any further charges necessary for the complete carrying out of this agreement''. The agreement then provides that Mr. Paulin will procure life insurance upon his life in the sum of $14,450 in favor of the trustee as additional security for the payment of the obligations due and to become due to Mrs. Paulin thereunder. Authorization is given the trustee to disburse from such amounts as may accrue to Mr. Paulin under the will or trust such sums as may be necessary to discharge the following: the expenses of trustee; the premiums on the policy; to Mrs. Paulin ''of the said sum of $100 per month''; the balance to Mrs. Paulin ''to apply on the amount due her'' from Mr. Paulin.

The complaint alleges that a controversy exists between the parties to the agreement and the defendant trustee relating to the construction of the agreement; that the agreement requires the payment by the trustee to Mrs. Paulin of the sum of $14,450 at a minimum rate of $100 per month, and that the full sum of $14,450 has been paid by the trustee to her. The defendant trustee in its answer alleged, and the court made a finding based upon substantial evidence, that the sum of $13,933.16 had been paid by the trustee to Mrs. Paulin up to the date of the trial of the action and that the trustee had expended $2,954.97 out of the trust funds to

defray the cost of the insurance upon the life of plaintiff.
Mrs. Paulin alleges by answer that by the terms of the agreement the $14,450 is to be paid out of the funds of the estate
which would otherwise go to the plaintiff, and in addition
thereto, and in lieu of any interest upon the indebtedness,
and for maintenance and support of her, and the minor child
of herself and plaintiff, the sum of $100 per month commencing on March 1, 1915, and continuing at said rate of
$100 per month until the said $14,450 had also been paid to
her. The court found in accordance with her contention that
the sum of $27,200 had accrued upon the obligation to pay the
sum of $100 per month; that the sum of $13,933.16 was to
be credited thereon and that there remained owing and unpaid
the sum of $13,266.84 plus the said principal sum of $14,450
or the total amount of $27,716.84; that the sum of $100
per month should continue to accrue in favor of Mrs. Paulin
until the $14,450 had been paid.

That an ambiguity existed in the agreement as to the
obligation of plaintiff thereunder is readily apparent. The
language thereof is fairly susceptible to either one of the
two interpretations contended for by the parties thereto. For
the purpose of determining what the parties intended by the
language used, it was competent to show the circumstances
under which the contract was made and the matter to which
it relates.

Claim is made that the trial court erred in reading
the deposition of Mrs. Paulin to himself, and later forbidding portions thereof to be read into the record. As we
understand appellant, his position is that this amounted to
a reception of evidence by the court which does not appear
in the record. This hardly justifies comment. The trial
judge had been forewarned that objections would be made to
parts of the deposition. No doubt, to expedite the trial, he
read the deposition so that he would be readily familiar
with the contents when ruling upon objections. We must
presume that he performed his duty as required by law and
based his decision upon that which was received in evidence
to the exclusion of that which was offered but refused. There
is nothing in the record remotely negating this conclusion.

Complaint is made that the trial court erroneously refused to receive in evidence parts of the deposition. In the
rulings complained of, the trial judge referred to the ex-

cluded testimony as being certain designated parts of the deposition as found between certain lines and on certain pages thereof. The deposition is not included in the record. There is nothing otherwise in the record disclosing the testimony which was refused admission. This court cannot consider matters outside the record.

██ Mrs. Paulin was called to the stand at the trial as an adverse witness. Objection was sustained to a question put to her as to whether she would have considered the payment of $14,450 to her the next day after the signing of the agreement as full settlement of the plaintiff's obligations. Under either interpretation of the ambiguity such payment would have extinguished the obligations. An answer from the witness would not have thrown any light upon what was intended. ██ She was also not permitted to answer questions as to whether at the time of the signing she considered the agreement to be a final property settlement, and what she meant by a statement she made, namely, "I always thought I would get a crack at him when it came to settling up his estate". The obvious purpose of these questions was to show that she had a secret, undisclosed intention to claim what she now asserts. The rule permitting proof of surrounding circumstances in aid of interpretation requires that the circumstances have some probative bearing upon the intention of the parties in relation to the agreement entered into. What was intended as the agreement is material but what a party thereto had in his mind as to his future conduct in reference to carrying out or repudiating that intention is not relevant to the issue.

██ Appellant contends that the evidence proves an understanding that a divorce would be obtained by one of the parties was a consideration for the contract and that this renders the agreement *contra bonos mores* and unenforceable. The court made no finding upon this because it was outside the issues formed by the pleadings. The complaint is not an attack upon the agreement but is predicated upon the premise that the agreement is valid and enforceable. The sole issue presented by the pleadings involved the interpretation of the agreement. Neither can it be said that the case was tried with the theory that this issue was involved. It is raised for the first time upon this appeal. ██ A judgment will not be disturbed because of a failure of the trial court to give

relief not embraced in the pleadings and not asked for. (*Miller* v. *Bay Cities Water Co.*, 157 Cal. 256 [107 Pac. 115, 27 L. R. A. (N. S.) 772] ; *Green* v. *Carotta*, 72 Cal. 267 [13 Pac. 685].)

There remains the question as to whether the construction of the contract claimed by Mrs. Paulin and adopted by the court can be sustained.

The instrument in question contains the statement that "the said payments as herein provided shall be taken by first party in lieu of claims against second party for the maintenance and support of said first party and the minor child of the parties hereto until such child shall have reached the age of fourteen years, or until, according to the terms of this agreement, the said $100.00 payments shall have terminated". The minor child reached the age of fourteen December 16, 1926. Appellant contends that in any event the $100 payments should cease on that date. When read together the various provisions may be interpreted to mean that the 100 monthly payments were to be considered both as interest upon the $14,450 obligation until that indebtedness was paid, and in full of the obligation to support the wife and child until the child reached the age of fourteen, at which time the requirements for his education and support might necessitate the payment of some additional amount.

This agreement was intended, at the time of execution, to settle the property rights of the parties and to determine the financial responsibility of appellant for the support of his wife and child. The child was then of the age of two years. We see nothing oppressive or unreasonable in the contract under which appellant agrees to repay to his former wife the value of property, which he admitted had come under his control and which originally came to her as her personal inheritance, and, in addition thereto, the sum of $100 per month until such time as there was returned to her the equivalent of her inheritance. His interest in his father's estate, recited in the instrument to approximate $30,000, forces the conclusion that under the circumstances disclosed, $100 per month for wife and child support, and also as interest upon the agreed indebtedness until the principal sum is repaid, was not unreasonable, and that the interpretation placed upon the contract does not "shock the conscience and common sense of men" as appellant contends.

■ There was very little extrinsic evidence before the court to aid in the interpretation. Mrs. Paulin was the only witness called. She remembered of no conversation had with appellant about the agreement or its provisions prior to the execution. The court in determining the intent of the parties was obliged to depend upon the document, and the relations between the parties herein detailed. We must conclude that the interpretation reached finds support. ■ Where a writing is so uncertain that either of two constructions urged might be sustained, it is not within the functions of a court of review to declare that the interpretation given by the trial court should be supplanted by the other construction of which the instrument is susceptible. (*Slama Tire Protector Co.* v. *Richie,* 31 Cal. App. 555 [161 Pac. 25] ; *Kautz* v. *Zurich etc. Ins. Co.,* 212 Cal. 576 [300 Pac. 34] ; *Teater* v. *Good Hope Development Corp.,* 14 Cal. (2d) 196 [93 Pac. (2d) 112] ; *Lewis* v. *Lewis,* 34 Cal. App. (2d) 422 [93 Pac. (2d) 850].)

■ The agreement in question was prepared by Mrs. Paulin's counsel. Appellant concludes that, since Mrs. Paulin is responsible for the uncertainty which exists in the contract, section 1654 of the Civil Code requires that the uncertainty be construed most strongly against her. That section, by its terms, is to be invoked when the uncertainty is not removed by the rules set forth in the preceding sections of that code. Section 1647 provides that a contract may be explained by reference to the circumstances under which the contract was made, and the matter to which it relates. It was proper for the court to take into consideration the situation of the parties and the relations between them as well as the objects sought to be accomplished by the agreement. The uncertainty is removed, within the meaning of section 1647, if there is evidence of circumstances under which the contract was made, warranting a conclusion as to the intent of the parties. What has been heretofore recited in that regard justifies the interpretation made by the trial court.

The judgment is affirmed.

Tuttle, J., and Thompson, Acting P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 18, 1940.