[Civ. No. 4176. Fourth Dist. Jan. 9, 1951.]

LOIS RICE, Respondent, v. FRANK H. SCHUBERT et al., Appellants.

Ben Koenig and Aaron B. Rosenthal for Appellants.

Best, Best & Krieger for Respondent.

MUSSELL, J.—Plaintiff commenced an action in the Superior Court in Riverside County to set aside a conveyance of real property located therein as being in fraud of creditors. Defendants answered with a general denial and filed a notice of motion for change of venue to San Joaquin County, where two of the defendants resided. The motion was made on the grounds that the action was improperly commenced in Riverside County; that it was transitory, not local, and therefore, the county where the defendants resided was the proper county for trial. On the return day of the motion, plaintiff filed an affidavit for retention of venue on account of the convenience of witnesses under section 396b of the Code of Civil Procedure. The motion for change of venue was denied and the defendants appeal from the order of denial.

The determinative question before us is whether the action is local (Code Civ. Proc., § 392, subd. 1) or transitory (Code Civ. Proc., § 395, subd. 1). If it is local, the order of the trial court must be affirmed. If it is transitory, the defendants are entitled to have the action tried in San Joaquin County.

The venue of an action is determined by subdivision 1 of section 395 of the Code of Civil Procedure, which provides for the trial of an action in the county of the defendants'

residence upon their demand unless the action falls within some exception to that general rule.

Section 392 of the Code of Civil Procedure, subdivision 1, as far as material here, reads as follows:

"Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the real property, which is the subject of the action, or some part thereof, is situated, is the proper county for the trial of the following actions:

"(a) For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property."

If the present action falls within the foregoing exception to the general rule, it is local and Riverside County is the proper place for trial. (*Kaluzok* v. *Brisson,* 27 Cal.2d 760, 764 [167 P.2d 481].) ▪ In order to determine whether the action is local or transitory it is necessary to ascertain the true character of the action as disclosed by the complaint, and the character of the judgment which might be rendered upon a default. (*Eckstrand* v. *Wilshusen,* 217 Cal. 380, 381 [18 P.2d 931].) ▪ If the defendants had defaulted, the only relief which could have been granted would have been a cancellation of the conveyance under attack and the title to the real property involved would necessarily be affected.

As was said in *Neet* v. *Holmes,* 19 Cal.2d 605, 611-612 [122 P.2d 557]:

"The nature of the action is local, and must be tried in the county where the land is situated, where it turns on the title to property as distinct from the personal obligation, and the decree operates *ex proprio vigore* on the title. (*State* v. *Royal Consolidated Mining Co.,* 187 Cal. 343, 351 [202 P. 133].)"

It seems quite clear to us that the instant action "turns on the title to property" as distinct from any personal obligation and that a judgment on the complaint would "result in a determination in any form" of an interest in real property within the meaning of subdivision 1(a), section 392 of the Code of Civil Procedure.

Our attention has not been directed to any California decision holding directly that a creditor's suit to set aside a conveyance of real property is a local or transitory action. However, in *Gem City Acetylene Generator Co.* v. *Goblentz,* 86 Ohio St. 199 [99 N.E. 302, Ann.Cas. 1913D 660], an action by a creditor to set aside a fraudulent conveyance was held to be local and for the "recovery of real property, or of an estate

or interest therein'' within the meaning of a statute requiring such actions to be tried where the land is situated.

In *Sloss* v. *DeToro*, 77 Cal. 129 [19 P. 233], an action was brought to set aside a fraudulent sale of land by an administrator in the county where the land was situated and a motion for change of venue to the county of defendant's residence was denied. In holding that the action was properly within the scope of section 392 of the Code of Civil Procedure relating to venue, the court said, at page 132:

''The question then is, Did this action require the *determination, in any form*, of a right or interest in real property?

''It seems to us that it did. The main purpose for the action evidently was to have an alleged fraudulent sale of land set aside, and the title revested in its former owners. . . .''

An action to cancel a deed allegedly obtained from the plaintiff by fraud was held to be local and within the meaning of section 392 of the Code of Civil Procedure in the case of *Eckstrand* v. *Wilshusen*, 217 Cal. 380 [18 P.2d 931]. In that case the defendant's motion to have the venue transferred from the county where the real property was situated to the county of defendant's residence was denied and the order affirmed on appeal.

The argument is advanced that the plaintiff has no ''interest'' in the real property which is the subject of this action and that because the plaintiff has no interest therein, there can be no determination of an ''estate or interest'' within the meaning of section 392 of the Code of Civil Procedure. However, the plaintiff was authorized to bring the action under section 3439.09 of the Civil Code, which provides, in part, that

''Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser or encumbrancer for fair consideration. . . .

''(1) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim.''

It is not necessary that the claim be first reduced to judgment before a fraudulent conveyance can be attacked. (*Heffernan* v. *Bennett & Armour*, 63 Cal.App.2d 178, 183 [146 P.2d 484].) The ''interest'' in the property that is being determined in the instant action is not that of the plaintiff but that of the Schuberts. The effect of a judgment would be to revest the title to the property involved in the debtor. The

statute provides for the "determination in any form" of a right or interest in real property.

Article VI, section 5 of the Constitution of the State of California provides "that all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated." The distinction between this provision and section 392 of the Code of Civil Procedure relating to venue is that the constitutional provision requires that an action be "commenced" in the county where the land is situated. This requirement is jurisdictional and cannot be waived. (*Waters* v. *Pool,* 130 Cal. 136, 137 [62 P. 385]; *Cohen* v. *Hellman Commercial T. & S. Bk.,* 133 Cal.App. 758, 765 [24 P.2d 960].)

The present action was commenced in the county in which the land is situated and there is no issue here as to jurisdiction. Under either the constitutional provision or the Code of Civil Procedure, the action is local and the proper place for trial is in Riverside County. It could be transferred to San Joaquin County as defendants request only upon a showing: (1) That an impartial trial could not be had in Riverside County; (2) That the convenience of witnesses and the ends of justice would be promoted by the change; or (3) That from any cause there is no judge of the court qualified to act.

The trial court considered the question of the convenience of witnesses in passing upon the motion to retain the action in Riverside County and refused to transfer the action. The ruling as to convenience of witnesses is largely within the discretion of the trial court and its discretion will be upset on appeal only upon a showing that as a matter of law the trial court abused its discretion. (*Wrin* v. *Ohlandt,* 213 Cal. 158, 159 [1 P.2d 991]; *Scott* v. *Stuart,* 190 Cal. 526 [213 P. 947].) A review of the affidavits presented by both plaintiff and defendants fails to disclose an abuse of such discretion.

The order denying the motion for change of venue is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 8, 1951.