[Civ. No. 5349.   Fourth Dist.   Feb. 25, 1957.]

EMANUEL H. METTLER, Appellant, v. BENJAMIN F. BRALY, Respondent.

BENJAMIN F. BRALY, Respondent, v. EMANUEL H. METTLER, Appellant.

Ohanneson & Mortimore for Appellant.

Walter C. Haight and Leonard M. Ginsburg for Respondent.

GRIFFIN, J.—In the first of these two consolidated actions appellant, Emanuel H. Mettler brought an action for declaratory relief against respondent Benjamin F. Braly to construe the legal rights and duties of the parties pertaining to a certain lease of land in Tulare County respecting the payment of taxes. Thereafter, respondent brought an action against appellant seeking to recover $4,191.78 plus attorneys' fees

and costs for a claimed breach of the lease in this respect. The same issue is presented by each action.

According to the evidence and the lease of the 320 acres of dry, unleveled wheat land involved, which lease was dated February 14, 1949, effective July 1st, and its subsequent modification of June 7, 1949, to include an additional 120 acres, respondent Braly, then 86 years of age, leased to appellant the 320-acre tract at $3,200 and the 120-acre tract at $1,200 per year. Respondent testified that appellant told him he was going to level the land, put down wells, install pumps and irrigate the land and put houses on it; that appellant had a lease prepared by a "real estate man" and left it with respondent (this proposed lease had no provision in reference to increased taxes); that he told appellant before he would sign it appellant would have to pay the "raise in taxes . . . on all the improvements they put on there . . . houses—wells—pipe lines, and the leveling," with the right of removal, and that he understood from the conversation that appellant agreed he would do that and change the lease accordingly; that thereafter he went to the real estate office and signed the lease as changed, and that at that time it had been signed by the appellant. Appellant took immediate possession of the property, drilled wells, installed pumps and pipe lines, leveled and fertilized the soil, moved certain buildings onto the property and generally made other betterments to the leased premises. The lease was for a period of 10 years with five years' option to extend, plus option to purchase certain land at $150 per acre. It also provided for reasonable attorneys' fees. Each lease contained this provision, which is the crux of this action:

"The lessee covenants and agrees to pay the said rental at the time and in the manner hereinabove set out and to pay or reimburse lessor, when due, for the amount of taxes assessed against all improvements made by the lessee upon the leased land during the term of this lease."

At the trial it was agreed that there was a great increase in the assessment and taxes on the real estate in the following four years due to the plaintiff's betterment of the land, and that the additional taxes thereon amounted to $4,191.78. It was further agreed that appellant Mettler paid all taxes assessed upon improvements, as improvements are defined in section 105 of the Revenue and Taxation Code, as treated independent of the land in the tax statement issued for the leased premises and for the period in question, and that

respondent Braly paid all taxes assessed upon the land. He now claims reimbursement from appellant to the extent that appellant's amelioration and betterment of the land caused increase in such taxes.

It is appellant's claim that the clause in the lease above quoted is clear and not ambiguous and should receive the interpretation placed on the word "improvements" as expressed in sections 105, 607, and other provisions of the Revenue and Taxation Code, and that no resort to surrounding circumstances by parol evidence was needed or authorized to interpret it, citing such authority as *Terminal Inv. Co.* v. *Pope Estate Co.*, 122 Cal.App. 281, 283 [10 P.2d 139] ; *Los Angeles Land & Water Co.* v. *Consumers Rock & Gravel Co.*, 3 Cal.2d 77 [43 P.2d 281] ; and 12 California Jurisprudence 2d, page 325, section 119.

It is respondent's claim that the term "all improvements," contained in the lease, is to be considered in its popular sense and includes all improvements or betterments made to the real property, and includes the preparation of wild or raw land for agricultural purposes, citing 27 American Jurisprudence, pages 260-261, sections 1-4, and Cumulative Supplement, page 21; and that the lease agreements show on their face that the definition of "improvements," as defined by section 105 of the Revenue and Taxation Code, was not contemplated by the parties. There is some merit to this argument. The first agreement, executed by the parties, provides that it is understood between the parties that while this lease starts on July 1, 1949, the lessee is hereby given the right to take immediate possession "for the purpose of drilling a well and/or other improvements." It is quite clear that respondent did intend the word "improvements" there used to apply to the well as an improvement, contrary to the provisions of section 105 of the Revenue and Taxation Code. Read in connection with this clause, the use of the modifying adjective *all* improvements, had some significance. Appellant testified that in connection with the tax clause it was his understanding that the only improvements he would have to pay taxes on were "removable improvements," and that he would not have to pay taxes assessed against trees, since they were not removable. Even though trees are not removable they are assessed under section 105, *supra*, as improvements. These several interpretations, therefore, might well give rise to an uncertainty as to the construction of the clause. The fact that appellant commenced this action for declaratory

relief alleging that the legal rights and duties of the respective parties are in controversy, is some indication of the uncertainty of the terms of the agreement in regard to the payment of taxes. For its proper construction this ambiguity or uncertainty as to the intent of the parties was properly submitted to the trial judge for determination so that he might be placed in the position of those whose language he is to interpret. (Code Civ. Proc., §§ 1859, 1860 and 1861; Civ. Code, § 1647; 12 Cal.Jur.2d p. 324, § 119.)

From the evidence produced and from a reading of the entire lease, the trial court was justified in finding that the obligation upon the lessee was to pay or reimburse the lessor for the amount of taxes assessed against "all improvements made by the lessee" and was not, as appellant would construe the clause, an obligation to pay only the amount of taxes assessed against improvements designated on the tax bill by the county assessor as improvements. The cases relied upon by appellant are factually dissimilar. It is a cardinal rule that where the construction given a contract by the trial court appears to be consistent with the true intent of the parties, as shown by the evidence, its interpretation will not be reversed on appeal. (*Decter* v. *Stevenson Properties, Inc.*, 39 Cal.2d 407, 417 [247 P.2d 11].) A judgment for respondent in the sum of $4,191.78, plus $820 attorneys' fees, was authorized.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.