[Civ. No. 5972.   Fourth Dist.   Mar. 11, 1959.]

SOUTHERN CALIFORNIA AIRCRAFT CORPORATION (a Corporation), Appellant, v. CITY OF ONTARIO, Respondent.

Jack Gold for Appellant.

Lynn W. Kloepfer for Respondent.

GRIFFIN, P. J.—Plaintiff and appellant Southern California Aircraft Corporation, an aircraft manufacturer, brought this action against defendant and respondent City of Ontario for declaratory relief. It involved a provision of a lease of certain land and improvements at the Ontario International Airport owned by and located in the city of Ontario, whereby defendant leased these premises to plaintiff under a lease dated October 31, 1950, for a term of five years, with option of renewal. The particular paragraph of the lease here under question is paragraph 6. It provides:

*"Taxes and Assessments.*

"The City shall pay all assessments, taxes and similar charges levied upon the Leased Property. Southern California shall pay all such charges upon Southern California's property and all utility charges incurred by it at the Leased Property during the term of this lease."

The "Leased Property" described in the lease was certain described real property and certain hangars erected thereon, together with certain described personal property and office buildings. Additional real property was leased under one of the options.

In 1956, for the first time, the assessor of San Bernardino County assessed the possessory interest of plaintiff in the leased premises and levied a tax thereon in the sum of $3,036.90. The county demanded payment by the lessee and the lessee informed lessor of said demand. The lessee then demanded that lessor pay said tax. Upon refusal of payment by lessor, lessee paid it and duly presented a verified claim to lessor city for reimbursement of said sum, which claim was rejected on July 12, 1957. Plaintiff brought this action. It was submitted to the trial court for decision on the pleadings as framed. The city contended that no tax was levied upon the "Leased Property" set forth in the lease; that the possessory right of plaintiff under the lease was personal property of lessee and completely separate and distinct from the "Leased Property" itself, as appeared upon the rolls of the county assessor; and that under the second sentence of paragraph 6 of the lease "Southern California shall pay all such charges upon Southern California's property . . ."; that plaintiff became liable for such taxes; that if the parties had agreed and intended that the city should pay the possessory interest tax, it would have been a simple matter to insert such a provision in the lease; and that in a contract between a public body and a private party it is presumed all uncertainty was

caused by the private party. It is also contended that where the construction given an instrument by the trial court is reasonable, an appellate court will not substitute another reasonable interpretation where either construction might be sustained, citing such authorities as *Hammond Lumber Co.* v. *City of Los Angeles,* 12 Cal.App.2d 277 [55 P.2d 891]; Civ. Code, § 1654; *Johnston* v. *Joint Highway District No. 12,* 138 Cal.App. 450 [32 P.2d 681]; *Berger* v. *Sequoia Union High School District,* 139 Cal.App.2d 364 [293 P.2d 467]; and *Adams* v. *Petroleum Midway Co., Ltd.,* 205 Cal. 221 [270 P. 668].

Plaintiff contends that the appellate court is not bound by the construction placed on the provisions of the lease by the trial court since it was based solely on the terms of the lease, without the aid of extrinsic evidence, particularly where a different interpretation may appear to be more reasonable, citing such authority as *Estate of Platt,* 21 Cal.2d 343 [131 P.2d 825]; that a lease must be interpreted according to the intent of the parties and every provision in it should be construed so as to give the proper force and effect to the language used, citing Civil Code, section 1636; *California Building Co.* v. *Halle,* 80 Cal.App.2d 229 [181 P.2d 404]; and *Hyatt* v. *Allen,* 54 Cal. 353; that although it would have been clearer to state that the City should pay any possessory interest tax levied, the provisions of paragraph 6 of the lease clearly indicate that the city agreed to pay such tax since the city's leased property was exempt from taxation under article XIII, section 1 of the California Constitution and accordingly the possessory interest tax was the only tax the parties could have had in mind in providing in paragraph 6 that the "City shall pay all assessments, taxes and similar charges levied upon the Leased Property," citing *Hammond Lumber Co.* v. *City of Los Angeles, supra; and Hammond Lumber Co.* v. *County of Los Angeles,* 104 Cal.App. 235 [285 P. 896].

Apparently the parties here did not have this particular form of tax in mind at the time the lease was drawn [1950]. The assessor of the county did not assess this form of property right until 1956, although such form of taxation was recognized in other counties as early as 1936. (*Hammond Lumber Co.* v. *City of Los Angeles,* 12 Cal.App.2d 277, *supra.*) In that case it was held that in the absence of any agreement in the lease by a city to an individual of certain tidelands the duty to pay taxes on the usufructuary interest was upon the individual and not upon the municipality. Whether the defendant here was liable for any tax or assessment on the

property at the time the lease was drawn would not necessarily be determinative of the question. The city's present exemption from taxation on its airport property may not apply at sometime in the future. Article XIII, section 1 was amended in 1914 to require taxation of publicly-owned property acquired by an entity outside its boundaries and the section could be further amended to remove the tax exemption on property used for proprietary purposes such as municipal airports. Such an amendment has been advocated by various writers. (24 S.Cal.L.Rev., p. 252; and 27 S.Cal.L.Rev., p. 415.) In the Wherry Housing cases (*De Luz Homes, Inc.* v. *County of San Diego,* 45 Cal.2d 546 [290 P.2d 544]; *Victor Valley Housing Corp.* v. *County of San Bernardino,* 45 Cal.2d 580, 582 [290 P.2d 565]; and companion cases for other counties), the lessees were required under their leases with the United States "to pay all taxes, assessments and similar charges . . . upon the Government or upon the Lessee with respect to or upon the leased premises." The federal government could not be taxed, but it might be well reasoned that at some future date (after the execution of the leases) Congress might consent to taxation of the Government or provide for some in lieu tax. The tax, in the instant case, was levied upon plaintiff and it agreed to pay all taxes on its property. The tax levied on its possessory interest was such a tax.

█ After considering the arguments and authorities above advanced the learned trial judge concluded as follows:

"Paragraph 6 of the lease appears to impose upon each party the duty of paying taxes upon that which belongs to it. A possessory interest under the lease is property of the plaintiff and a tax thereon should be paid by the plaintiff. Such tax would ordinarily be due from the Lessee unless language in the lease provided to the contrary. Paragraph 6, in the lease in question, is not to the contrary but provides affirmatively that the Lessee shall pay any taxes on that which belongs to it."

This construction is reasonable. Plaintiff's construction does not appear to be the more reasonable. Under the authorities cited it is not within the function of this court to declare that the interpretation given by the trial court should be supplanted by any other construction of which the instrument is susceptible. (*Paulin* v. *Paulin,* 39 Cal.App.2d 180 [102 P.2d 809]; *Mettler* v. *Braly,* 148 Cal.App.2d 652 [307 P.2d 419].)

Judgment affirmed.

Mussell, J., and Shepard, J., concurred.