[Civ. No. 18289.   First Dist., Div. One.   July 14, 1959.]

APARTMENTS, INCORPORATED (a Corporation), Plaintiff and Respondent, v. J. E. TROTT et al., Appellants; CENTRAL SURETY AND INSURANCE COMPANY (a Corporation) et al., Defendants and Respondents.

Fernhoff & Wolfe for Appellants.

Shapro & Rothschild, Alexander, Bacon & Mundhenk, Carlson, Collins, Gordon & Bold and William F. Stone for Respondents.

WAGLER, J. pro tem.\*—J. E. Trott and Colorado Land Company (hereinafter called "Land Co."), as defendants and cross-complainants, in an action filed against them in Contra Costa County by plaintiff herein, have appealed from an order of the superior court of said county denying their motion under Code of Civil Procedure, section 396, for a transfer of said action to Alameda County.

Section 396, so far as here applicable, provides that "If . . . the determination of the . . . cross-complaint, will necessarily involve the determination of questions not within the jurisdiction of the court, in which the action . . . is pending, the court . . . must . . . transfer the action . . . to a court having jurisdiction. . . ."

On May 1, 1956, plaintiff Apartments, Inc., and defendant Trott entered into a written contract whereby plaintiff agreed to construct an apartment building in the city of Berkeley, Alameda County, for the sum of $160,000. On June 4, 1956, plaintiff, as principal, and Central Surety and Insurance Corporation, as surety (hereinafter referred to as "Surety"), one of the respondents herein, executed to Trott, as obligee, a performance and labor and materials bond in the penal sum of $160,000. The instant appeal deals with litigation growing out of the foregoing transaction.

On November 27, 1957, plaintiff filed a complaint in the Superior Court of Contra Costa County against Trott and Land Co., his successor in interest for the recovery of the sum of $151,054.77, the balance allegedly due for the construction of the apartment building. The complaint contains two counts. The first which is in quantum meruit alleges that the reasonable value of said construction was the sum of $263,054.77 and that there remains due a balance of $151,054.77, the sum of $112,000 having been paid. The second count alleges that plaintiff and defendants entered into a written contract for the construction of said building according to signed prints and specifications for the sum of $160,000; that said specifications were subsequently amended at the request of defendants and that pursuant thereto extras of the reasonable value of $113,802.78 were furnished; that a balance of $37,251.99 remains due on the original contract making

---

\*Assigned by Chairman of Judicial Council.

a total balance due of $151,054.77. This complaint was answered by defendants on January 28, 1959. The answer admits the execution of the written contract; admits the payment of $112,000; denies the request for modification and extras; alleges that the sum of $33,078.95 is due on the contract but denies all indebtedness because of plaintiff's failure to complete the building and discharge liens. As special defenses the answer alleges: (1) Assignment of plaintiff's rights under the contract to ''Surety,'' (2) the action is not brought in name of real party in interest, (3) the execution on May 31, 1957, by plaintiff and defendants with approval of ''Surety'' of an agreement providing for recordation of notice of completion and events resulting therefrom, and (4) the pendency in Alameda County of 11 actions to foreclose mechanics' liens in the aggregate sum of $75,292.77.

Simultaneously with their answer defendants filed a cross-complaint joining as cross-defendants respondent ''Surety'' and respondents Kilbourn and Horton, officers of plaintiff corporation. The cross-complaint purports to set forth nine separate causes of action. The first eight consist of a copy *in haec verba* of an eight-count complaint filed in Alameda County on November 27, 1957, wherein Land Co., one of defendants herein, is plaintiff, and plaintiff and cross-defendants herein are defendants. This complaint is based upon the same contract which is referred to in plaintiff's second cause of action and upon the performance bond executed pursuant thereto. By it damages are sought for (1) failure to discharge liens, (2) failure to give proper credit for materials furnished by owner, (3) negligent construction, (4) breach of warranty of quality of workmanship, (5) loss of rentals due to delay and failure to complete, (6) added expense in financing due to delay, (7) slander of title by the filing of a sham and fraudulent claim* of lien in the sum of $144,000, (8) attorneys' fees and costs incurred.

As a ninth count defendants incorporate by reference, the special defenses contained in their answer, the eight counts above summarized and allege further that they are unable to determine whether the 11 foreclosure actions pending in Alameda County are valid or whether they are sham and false. They also allege that they have filed answers in each

---

*It is nowhere alleged that any steps were ever taken to cause said ''claim'' to ripen into a lien; nor do appellants seek to quiet title against same. The only relief prayed for in connection therewith is for compensatory and exemplary damages.

of said 11 actions together with cross-complaints against respondent "Surety" praying that in the event the court shall find an amount due that judgment shall run against said "Surety." They further allege "That an adjudication of the extent and validity of said claims of lien is necessary to a determination of defendants-and cross-complainants' rights and liabilities under the aforesaid building contract and bond." Appellants pray for such adjudication and judgment accordingly.

On February 24, 1958, appellants noticed their motion to transfer the instant action to Alameda County "on the ground that it appears from the verified pleadings that the determination of the action and cross-complaint will necessarily involve the determination of questions not within the jurisdiction of the above entitled court, and that the above entitled court is not the proper court for trial. . . ." The motion was submitted upon the pleadings and the affidavit of plaintiff's counsel. It is from a denial thereof that defendants have appealed.

The record before us discloses that defendant Trott and cross-defendants Horton and Kilbourn are all residents of Contra Costa County and that plaintiff corporation has its principal place of business in Contra Costa County. While the complaint in the instant action and the complaint in the Alameda County action (the first eight counts of the cross-complaint herein) were filed the same day, service was first made in the Contra Costa action.

Appellants concede that by first effecting service the Contra Costa Superior Court acquired jurisdiction of the parties and control of all subsequent proceedings. Their claim of right to transfer is based exclusively upon the ninth count of their cross-complaint which they contend sets forth a cause of action which the Contra Costa court has no jurisdiction to adjudicate. This results from the fact, they assert, that this count raises an issue respecting the validity of the 11 mechanics' liens upon which foreclosure actions are now pending in Alameda Court—hence it is a *local* action over which Contra Costa County has no jurisdiction.

Local actions involving real property are of two types: (1) Those referred to in article VI, section 5 of the Constitution, (2) those referred to in Code of Civil Procedure, section 392, which are *not* also mentioned in the Constitution. Witkin refers to the former as "constitutional" local actions and to the latter as "statutory" local actions. (1 Witkin,

California Procedure, §§ 192, 195, pp. 707, 710.) ■ By *constitutional local actions* is meant those actions only which are mentioned in the Constitution which must be *commenced* in the county where the real estate affected thereby is situated in order to confer jurisdiction. *"[A]ctions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate . . ."* fall in this category. (Emphasis added.) ■ All local actions referred to in Code of Civil Procedure, section 392, which are not also mentioned in article VI, section 5 of the Constitution, are on the other hand statutory local actions.

■ The filing of any of the three local actions mentioned in the Constitution in any county where the real property affected thereby is not situated does not give the court jurisdiction of the subject matter and a judgment rendered therein is void. (*Fritts* v. *Camp,* 94 Cal. 393 [29 P. 867] ; *Rogers* v. *Cady,* 104 Cal. 288 [38 P. 81, 43 Am.St.Rep. 100] ; *State* v. *Royal Consolidated Min. Co.,* 187 Cal. 343 [202 P. 133].) Once the jurisdictional requirement is met, however, by the mere formality of filing in the proper county the matter becomes purely one of venue, i.e., the venue may be changed on any of the statutory grounds. In *Chew* v. *Storrie,* 108 Cal.App. 313 [291 P. 610], for example, plaintiff sued in Plumas County to foreclose a mechanics' lien on real estate situated therein (a constitutional local action). In his complaint, however, he joined another cause of action to enforce liability on a performance bond (a personal action). Under the familiar rule, that when a plaintiff joins a transitory action with a local action (of either type), the defendant may elect to have a change of venue to the county of his residence, a transfer of the action to the city and county of San Francisco was held proper. (See: *Duffy* v. *Duffy,* 104 Cal. 602 [38 P. 443] ; *Rice* v. *Schubert,* 101 Cal.App.2d 638 [226 P.2d 50] ; *Brock* v. *Superior Court,* 29 Cal.2d 629 [177 P.2d 273, 170 A.L.R. 521].)

■ On the other hand, the superior court of any county has *jurisdiction* over all *statutory* local actions regardless of where the action is commenced or where the property is situated, and can render a valid judgment affecting same where no objection to venue is raised. (*Miller & Lux* v. *Madera Canal etc. Co.,* 155 Cal. 59 [99 P. 502, 22 L.R.A.N.S. 391] [action to recover damages to real property resulting from interference with riparian rights] ; *Grocers' etc. Union* v. *Kern etc. Co.,* 150 Cal. 466 [89 P. 120] [action for specific

performance of contract to sell land]; *Santa Barbara Lodge No. 605* v. *Penzner,* 104 Cal.App.2d 494 [231 P.2d 595] [action to set aside deed for fraud and mistake]; see also cases collected in 1 Witkin, California Procedure, § 196, pp. 711-712.)

Since Code of Civil Procedure, section 396, reaches only the question of jurisdiction and has nothing to do with venue a motion based thereon can effect the transfer of an action involving real estate only when a constitutional local action is commenced in the wrong county.

A motion based upon Code of Civil Procedure, section 396, like a motion for change of venue must be determined by the state of the pleadings at the time the motion is made and by the character of judgment which might be rendered upon a default. (*Keenan* v. *Dean,* 134 Cal.App.2d 189 [285 P.2d 300]; see also *Buell* v. *Dodge,* 57 Cal. 645; *Kallen* v. *Serretto,* 126 Cal.App. 548 [14 P.2d 917].) An examination of the ninth count will readily disclose that, in the event of a default, appellants could secure none of the relief mentioned in article VI, section 5 of the Constitution. No real property is described in the cross-complaint and no lien claimant has been joined as a party. Under such circumstances Alameda County would have no more jurisdiction to determine the validity of the mechanics' liens than has Contra Costa County. Code of Civil Procedure, section 396, necessarily implies that when a motion for transfer is granted on the grounds of lack of jurisdiction, such transfer shall be made to a court which has jurisdiction on the pleadings as then framed to determine the question which is the basis of the transfer. Since the ninth count shows on its face that no constitutional local action is involved the motion for transfer was properly denied.

Appellants base their entire appeal upon three decisions: *Case* v. *Kirkwood,* 119 Cal.App. 207 [6 P.2d 110]; *Rice* v. *Schubert,* 101 Cal.App.2d 638 [226 P.2d 50], and *Armstrong* v. *Transcontinental L. & W. Co.,* 134 Cal.App.2d Supp. 889 [285 P.2d 1031]. *Case* and *Rice* each involved an appeal from the denial of a motion for change of venue. They are therefore not in point. Each case having been commenced in the proper county no question of *jurisdiction* was involved. Each was affirmed on the basis of the "main relief" rule. Under this rule when a complaint states but a *single* cause of action but prays for two distinct types of relief, one local and one transitory, the rule selects one as determinative of venue.

The rule is not applicable to the instant action because the cross-complaint contains not one but nine causes of action. However, if we were to consider the cross-complaint as a whole it is quite clear that by its appellants are seeking primarily to recover damages for the alleged breach of the building contract and to enforce liability upon the bond executed pursuant thereto. As such it is a transitory cause of action. If the court should undertake, as between the parties before it, to determine the validity of the liens, this would be only *incidental* to the main relief sought. As we have already pointed out this would in no manner involve the enforcement of mechanics' liens, or affect the title to real estate.

In Armstrong, numerous plaintiffs filed a 33-count complaint in the Los Angeles Municipal Court to recover, after rescission, purchase monies paid on real estate in Kern County. In one of the counts a cross-complaint was filed which the court construed as an action to quiet title to a portion of the real estate in question, i.e., a *constitutional* local action. The action was transferred to Kern County. Under article VI, section 5 of the Constitution, the superior court of Kern County was the only court in which such an action could have been commenced and was therefore the only court which could confer *jurisdiction*, hence the transfer was proper. The Armstrong case is entirely consistent with the views herein expressed.

In their closing brief appellants for the first time raise the question of priority of jurisdiction. Appellants argue that since it is alleged in their ninth count that on the 30th day of November, 1957, they filed an answer in each of the 11 foreclosure actions and at the same time *filed* a cross-complaint against ''Surety'' on its bond, the superior court of Alameda County was first to acquire jurisdiction over the action on the bond. (The cross-complaint to enforce liability on the bond in the instant case was not filed until January 28, 1958.)

This argument finds no factual support in the record. The mere *filing* of a complaint does not confer jurisdiction. Service of summons is indispensable. (Code Civ. Proc., § 416; *DeBrincat* v. *Mogan*, 1 Cal.App.2d 7 [36 P.2d 245].) Nowhere in the record before us does it appear that summons on cross-complaint in any of the foreclosure actions has ever been served. We must assume therefore that Alameda County has not acquired jurisdiction over the action on the bond,

and no question of priority is presented. (*Estate of Davis,* 151 Cal. 318 [86 P. 183, 90 P. 711, 121 Am.St.Rep. 105]; *Paulin* v. *Paulin,* 39 Cal.App.2d 180 [102 P.2d 809].)

The order is affirmed.

Bray, P. J., and Tobriner, J., concurred.

A petition for a rehearing was denied August 10, 1959, and appellants' petition for a hearing by the Supreme Court was denied September 11, 1959. Schauer, J., was of the opinion that the petition should be granted.